**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

MARTHA BROOKS )
and )
EVERETTE HASKINS )
)
)
)
                Plaintiffs, )
)
v. )   Case No.
)
UNITED STATES OF AMERICA, )
    Serve: )
    Chief Counsel – Torts )
    USPS National Tort Center )
    1720 Market Street, Room 2400 )
    St. Louis, MO 63155 )
)
              Defendant. )

### COMPLAINT

Plaintiffs Martha Brooks and Everette Haskins, by and through their undersigned counsel, and for their claims for relief against Defendant United States of America, states, alleges and avers as follows:

### GENERAL ALLEGATIONS

1. At all relevant times, Plaintiff Martha Brooks was and is an individual and resident of St. Louis, Missouri.

2. At all relevant times, Plaintiff Everette Haskins was and is an individual and resident of St. Louis, Missouri.

3. All administrative remedies have been timely filed, pursued, and exhausted pursuant to 28 U.S.C § 2671-2675.

4.      At all times mentioned herein, and specifically at the time of the subject motor vehicle collision out of which this suit arises, Michara Bailey was an employee of Defendant, specifically, she was a driver for the United States Postal Service.

5.      At all times mentioned herein, and specifically at the time of the subject motor vehicle crash out of which this suit arises, Michara Bailey was acting within the course and scope of her employment with Defendant as a postal carrier/driver for the United States Postal Service (USPS).

6.      Michara Bailey is subject to this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

## FACTS COMMON TO ALL COUNTS

7.      On September 27, 2024, Plaintiffs Martha Brooks and Everette Haskins were stopped in their vehicle at a stoplight at the intersection of Natural Bridge Rd and Lucas and Hunt Rd.

8.      At said time and place, Plaintiff Haskins was the passenger in the vehicle driven by Plaintiff Brooks.

9.      At said time and place, Defendant, through its agent, servant, and employee, Mirchara Bailey, was operating a United States Postal Truck, specifically, a 2021 Ram Promaster (hereinafter "the Postal Truck"), westbound on Natural Bridge Road approaching the intersection at Lucas and Hunt Road, in the lane to continue on Natural Bridge Road. At said time and place, Defendant negligently caused a collision when she turned right onto Lucas and Hunt Road from the straight lane, causing a collision with Plaintiffs' vehicle.

10.     Michara Bailey operated the Postal Truck in such a way that she collided with Plaintiff's vehicle causing Plaintiff and Passenger to suffer from serious injuries.

## COUNT I – NEGLIGENCE

### Martha Brooks vs. USPS

11.     Plaintiff hereby incorporates by reference all preceding allegations of Plaintiffs' Petition for Damages as if full set forth herein.

12.     The subject motor vehicle collision occurred as a direct result of the negligence of Defendant, by and though Michara Bailey, in one or more of the following respects:

      a.     Defendant failed to keep her automobile under control causing her to collide with Plaintiff's automobile;

      b.     Defendant's vehicle came into collision with the front of Plaintiff's vehicle;

      c.     Defendant failed to use reasonable care to keep her vehicle under control;

      d.     Defendant failed to drive within the range of her vision in order to avoid colliding with any other vehicle using the roadway;

      e.     Defendant failed to keep a proper lookout for other vehicles and objects in her line of vision in order to avoid colliding with any other vehicle using the roadway;

      f.     Defendant failed to keep a careful lookout;

      g.     Michara Bailey  knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, slackened speed, sounded a warning, slackened speed and swerved, slackened speed and sounded a warning and/or swerved and sounded a warning, but she failed to do so.

13.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff Brooks was injured including, but not limited to, injuries to herneck and back, and has suffered and will continue to suffer damages including, but not limited to, those arising from:

3

    a.       Past medical and hospital expenses;

    b.       Future medical, hospital and life care expenses;

    c.       Past lost wages;

    d.       Diminished earning capacity;

    e.       Past and future emotional distress;

    f.       Pain and suffering;

    g.       Mental anguish;

    h.       Disfigurement; and

    i.       Past and future loss of enjoyment of life.

14.    All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

15.    As a further direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant, Plaintiff's automobile sustained significant damage.

WHEREFORE, based on the foregoing, Plaintiff Martha Brooks prays for a judgment against Defendant in excess of $25,000, Plaintiff's costs incurred herein and for such other and further relief as the Court deems just and proper.

## COUNT II – NEGLIGENCE

### Everette Haskins vs. USPS

16.    Plaintiff hereby incorporates by reference all preceding allegations of Plaintiffs' Petition for Damages as if full set forth herein.

17.    At all relevant times, Defendant had a duty to use the highest degree of care in operating her vehicle.

18.    The subject motor vehicle collision occurred as a direct result of the negligence of

4

Defendant, by and through Michara Bailey, in one or more of the following respects:

19.     In colliding with Plaintiff Martha Brooks's vehicle, as set forth above, Defendant breached her duty of care and was negligent in one or more of the following respects:

a.     Defendant failed to keep her automobile under control causing her to collide with Plaintiff's automobile;

b.     Defendant's vehicle came into collision with the front of Plaintiff's vehicle;

c.     Defendant failed to use reasonable care to keep her vehicle under control;

d.     Defendant failed to drive within the range of her vision in order to avoid colliding with any other vehicle using the roadway;

e.     Defendant failed to keep a proper lookout for other vehicles and objects in her line of vision in order to avoid colliding with any other vehicle using the roadway;

f.     Defendant failed to keep a careful lookout;

g.     Michara Bailey  knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, slackened speed, sounded a warning, slackened speed and swerved, slackened speed and sounded a warning and/or swerved and sounded a warning, but she failed to do so.

20.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff Haskins was injured including, but not limited to, injuries to her neck, causing whiplash and a sprained shoulder, and has suffered and will continue to suffer damages including, but not limited to, those arising from:

a.     Past medical and hospital expenses;

5

b.      Future medical, hospital and life care expenses;

c.      Past lost wages;

d.      Diminished earning capacity;

e.      Past and future emotional distress;

f.      Pain and suffering;

g.      Mental anguish;

h.      Disfigurement; and

i.      Past and future loss of enjoyment of life.

21.     All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

22.     As a further direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant, Plaintiff's automobile sustained significant damage.

WHEREFORE, based on the foregoing, Plaintiff Haskins prays for a judgment against Defendant in excess of $25,000, Plaintiff's costs incurred herein and for such other and further relief as the Court deems just and proper.

DEMAND FOR A JURY TRIAL

Plaintiffs' hereby demands a trial by jury on all counts and claims in this cause of action.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ Robert E. Simmon
Robert E. Simmon #73016
Blaine E. Dickeson     #57938
900 Spruce St Suite 150
St. Louis, MO 63102
Phone: (314) 888-4444
Fax:     (314) 299-2960
E-mail: blaine.dickeson@dmlawusa.com
Robert.simmon@dmlawua.com
**ATTORNEYS FOR PLAINTIFF**